UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SERGE M. DORVAL<br>A # 079-098-334<br>VS. | CIVIL ACTION NO. 3:11-cv-0266<br><br>SECTION P<br><br>JUDGE DONALD E. WALTER |
| ERIC H. HOLDER,<br>ATTORNEY GENERAL | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Before the court is Serge M. Dorval's *pro se* petition for *habeas corpus* (28 U.S.C. § 2241) filed on December 8, 2010. When he filed his petition, petitioner was an alien detainee in the custody of the Department of Homeland Security/Bureau of Immigration Customs Enforcement (DHS/ICE). He was initially detained at the KROME Service Process Center, Miami, Florida and he filed his petition in the United States District Court for the Southern District of Florida. He was then transferred to the Tensas Parish Detention Center, Waterproof, Louisiana and the Court ordered his petition transferred to this District.

### STATEMENT OF THE CASE

Relying on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), petitioner argued that his continued detention was in violation of his constitutional rights. The government was served and in due course filed a Motion to Dismiss [Doc. #19]. In their Motion the government alleged (and provided sufficient proof in support thereof) that petitioner had in fact been removed to Haiti on January 20, 2011.

## LAW AND ANALYSIS

The undisputed evidence before the court establishes beyond any doubt that the petitioner is no longer in custody. Further, the record before the court establishes that the petitioner has demanded only his immediate release throughout these proceedings. Therefore, in light of his removal, the undersigned concludes that petitioner's *habeas* challenge to post-removal-order detention is now moot and should be dismissed.

Therefore

**IT IS RECOMMENDED** that the Respondent's Motion to Dismiss [Doc. #19] be **GRANTED** and, that the Petition for Writ of *Habeas Corpus* be **DISMISSED WITH PREJUDICE** as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**In Chambers, Monroe, Louisiana April 13, 2011.**

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE